Filed 5/8/13  P. v. Kent CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055711 |
| v. | (Super.Ct.No. SWF10001553) |
| MICHAEL LAMONT KENT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Petersen, Judge. Reversed.

Patrick DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant Michael Lamont Kent seeks remand to allow the trial court to hold a *Marsden*[1] hearing.  The People agree that the matter should be remanded.

## FACTS AND PROCEDURAL HISTORY

On February 16, 2011, defendant was charged with robbery (Pen. Code § 211, count 1)[2] and burglary of an inhabited dwelling (§§ 459, 667.5, subd. (c)(21), count 2).  A jury convicted him of both offenses on November 4, 2011.

As his sentencing hearing opened on January 13, 2012, defendant told the court that he wished to make "A Motion of Ineffective Assistance of Counsel."  Defendant's attorney asked the court to respond to defendant as he (counsel) had never faced this situation before and was unclear about exactly what his client wanted.  The court explained to defendant that a "Motion for Ineffective Assistance of Counsel" was an issue to be brought up on appeal, not taken up in the trial court.  And a *Marsden* motion " . . . is you no longer want this gentleman to be your attorney."  To this, defendant responded, "Correct, Your Honor.  Exactly."  The court then went on: "On the other hand, if you don't do that [*Marsden*] motion, and just go through with sentencing today, you can always raise your appeal on grounds of ineffective assistance of counsel if you think that's one of the grounds you have. . . .  You can raise any and all issues on appeal that you think are appropriate."

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

[2] All further statutory references are to the Penal Code.

After conferring with his attorney, defendant elected to be sentenced that day.  The court sentenced him to the low term of three years in state prison.  On February 22, 2012, defendant filed a notice of appeal.

## DISCUSSION

Defendant contends that the trial court should have provided him with a *Marsden* hearing to investigate his request to discharge his attorney.  The People reply that because defendant was represented by retained counsel, *Marsden* does not apply.  Nevertheless, pursuant to the rule of *People v. Ortiz* (1990) 51 Cal.3d 975 (*Ortiz*), the matter should be remanded to allow the trial court to hear defendant's request to discharge his attorney. The People are correct.

In exercising his constitutional rights to counsel and to present a defense, a defendant is entitled to discharge his attorney at any point so long as it will not interfere with the "'orderly processes of justice . . . .' [Citation.]" (*Ortiz*, *supra*, 51 Cal.3d 975, 982.)  When counsel is retained, as opposed to appointed, the defendant seeking to discharge his attorney is not required to prove that counsel is incompetent or that he and his attorney are embroiled in an irreconcilable conflict.  (*Id.* at pp. 983-984.)  "The right of a nonindigent criminal defendant to discharge his retained attorney, *with or without cause,* has long been recognized in this state [citations] . . . ." (*Id.* at p. 983, italics added.)  Accordingly, although the court must exercise its discretion as to whether substitution of counsel will interrupt the orderly processes of justice, the formalities of a *Marsden* hearing are not required.

3

In *People v. Munoz* (2006) 138 Cal.App.4th 860 (*Munoz*), the Attorney General argued that, after conviction, this broad right to discharge appointed counsel should be limited. (*Id.* at p. 867.) But as the *Munoz* court pointed out, *Ortiz* made no distinction between motions to dismiss counsel brought before trial, during trial, or after conviction. (*Ibid.*) In *Ortiz*, our state Supreme Court was concerned with the "'evil engendered by friction or distrust between an indigent criminal defendant and his attorney' [citation]." (*Munoz* at p. 867.) "To our way of thinking, it is every bit as important to guard against these undesirable consequences after trial as it is before trial." (*Ibid.*) We agree. Accordingly, we will remand the matter with instructions for the trial court to grant defendant's motion to discharge his retained attorney.

Defendant also argues that his request to discharge his attorney amounts to a motion for a new trial and that the court erred by not explaining the latter alternative to him. However, as the People point out, defendant did not make a motion for a new trial, and we decline to construe his request to discharge his attorney as such a motion.

### DISPOSITION

The judgment is reversed and the matter remanded to the trial court with instructions to allow defendant to discharge his retained attorney. Once new counsel is appointed, the case is to proceed from the point at which defendant sought to discharge his attorney.

If, after reviewing the record, defendant's new attorney moves for a new trial, the court is to exercise its discretion to grant or deny the motion. If newly appointed counsel

4

makes no motions, or any motions made are denied, the trial court is to reinstate the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

KING

Acting P. J.

MILLER

J.